UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yan Mei Zheng-Lawson, an individual, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith, Inc., Bank of America Corporation, and Does 1 through 10,<br><br>Defendants. | Civil Action No.<br><br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Yan Mei Zheng-Lawson ("Plaintiff"), by her attorneys, upon personal knowledge as to her own acts and upon information and belief premised on the investigation of her counsel as to all other matters, and on behalf of herself and all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff worked during the statutory period alleged herein for Defendants Merrill Lynch ("Merrill Lynch"), Merrill Lynch, Pierce, Fenner & Smith, Inc. ("MLPFS"), and Bank of America Corporation ("BOA") as an Assistant Vice President in Merrill Lynch's New York office. While in Defendants' employ, Plaintiff regularly worked in excess of forty (40) hours per week without receiving premium overtime compensation.

2. As explained herein, under applicable wage and hour laws, individuals who are not exempt from overtime provisions are entitled to overtime compensation. In short, individuals who work over forty (40) hours per week are entitled to overtime pay.

3. This action arises from Defendants' failure to pay overtime compensation to its employees, in contravention of applicable federal wage and hour laws.

4. Accordingly, Plaintiff brings this action to recover unpaid overtime compensation as a federal collective action, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). In addition, Plaintiff brings this action as a state-wide New York class action to recover unpaid overtime compensation and other wages due pursuant to New York Labor Law and the New York State Department of Labor's Codes, Rules and Regulations (collectively the "NY Labor Laws"). As such, Plaintiff brings these claims on behalf of the classes, defined below, of current and former Merrill Lynch/BOA employees, who provide(d) "Client Services" to customers of Merrill Lynch ("Merrill Lynch"), BOA, or any other parent, subsidiary, related, or successor companies, including Bank of America (collectively, the "Company"). The term "Client Services" as used herein refers collectively to the process of reviewing and processing loan requests from customers/potential customers of Merrill Lynch/BOA.

5. This is a nationwide collective action under the FLSA, 29 U.S.C. § 201 *et seq.*, brought on behalf of Plaintiff and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, as follows:

> All persons employed within the three years preceding the filing of this action by Defendants, who worked in excess of forty hours per week and were not paid premium overtime compensation (the "Collective Action Class").

6. Plaintiff alleges on behalf of the Collective Action Class that Defendants violated the FLSA by, *inter alia*, failing to pay Plaintiff and the Collective Action Class overtime at the rate of not less than one and one-half times the employee's regular rate for all hours worked in excess of forty (40) hours in any given workweek.

7. Plaintiff also brings this suit, pursuant to Fed. R. Civ. P. 23, on behalf of the following class of individuals composed of:

> All current and former employees who work(ed) for Defendants in the State of New York within six years prior to the filing of this action, up to and including the time this action is certified as a class action, and are/were engaged in, or are/were training to be engaged in, providing Client Services (the "Class Action Class").

8. Plaintiff alleges on behalf of the Class Action Class that Defendants violated the New York Labor Laws by, *inter alia*, failing to pay Plaintiff and the Class Action Class overtime at the rate of not less than one and one-half times the employee's regular rate for all hours worked in excess of forty (40) hours in any given workweek.

9. The Collective Action Class and the Class Action Class are hereafter collectively referred to as the "Classes."

10. As a result of Defendants' willful violation of the FLSA and NY Labor Laws, Plaintiff and the Classes were illegally under-compensated for their work.

11. Plaintiff is unaware of the names and capacities of those Defendants sued as Does 1 through 10, but will seek leave to amend this Complaint once their identities become known to Plaintiff. Plaintiff alleges that, during the applicable class period, each of the Defendants, including the DOE Defendants 1 through 10, was an officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other Defendants, and in engaging in the conduct alleged herein, was acting in the course and scope of, and in furtherance of, such relationship. Unless otherwise specified, the term "Defendants" as used herein includes all Defendants collectively and each allegation pertains to each Defendant named in this complaint.

## JURISDICTION AND VENUE

12. This Court has original jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

13. This Court has original jurisdiction over Plaintiff's New York state law claims pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d)(2), because at least one member of the class is a citizen of state different from at least one of the Defendants and the matter in controversy exceeds the sum or value of $5,000,000.

14. In addition, this Court has supplemental jurisdiction under 28 U.S.C. §1367 over the New York state law claims because those claims derive from a common nucleus of operative facts.

15. Further, Defendants are subject to personal jurisdiction in this jurisdiction.

16. Venue for this action properly lies in the Southern District of New York, pursuant to 28 U.S.C. §1391(b), because the claim arose in this judicial district.

## PARTIES

17. Plaintiff Yan Mei Zheng-Lawson was an Assistant Vice President employed by Defendants in the State of New York during the statutory period covered by this Complaint. Defendants failed to compensate Plaintiff for all hours worked, including premium compensation at one and one half times her regular rate for all hours above and beyond forty (40) hours in any given workweek.

18. Defendant Merrill Lynch & Co., Inc., is a Delaware corporation with its principal place of business at 4 World Financial Center, 250 Vesey St., New York, New York.

19. Merrill Lynch & Co., Inc., is a wholly owned subsidiary of Bank of America Corporation ("BOA"), having been acquired by BOA in approximately September 2008.

20. Defendant Merrill Lynch Pierce, Fenner & Smith, Inc. ("MLPFS"), is, upon information and belief, responsible for managing the payroll function of Defendants' employees.

21. Upon information and belief, prior to their acquisition by BOA, defendants Merrill Lynch and MLPFS share common management and have common ownership. Further, upon information and belief, at all times prior to their acquisition by BOA, the wage and hour and all related employee compensation policies of Merrill Lynch and MLPFS are and were centrally and collectively dictated, controlled, and ratified.

22. Bank of America Corporation is a Delaware Corporation with its principal place of business at 100 North Tryon Street, Charlotte, North Carolina.

23. Merrill Lynch & Co., Inc., MLPFS, and Bank of America Corporation will be collectively referred to as Defendants. Upon information and belief, most of the individuals responsible for facilitating loan closings who held analogous positions to Plaintiff are/were located in New York and/or North Carolina.

24. Upon information and belief, at all times subsequent to BOA's acquisition of Merrill Lynch and MLPFS, the wage and hour and all related employee compensation policies of Defendants are and were centrally and collectively dictated, controlled, and ratified.

## FACTUAL BACKGROUND

25. Due to the nature of the job responsibilities and requirements of Defendants' employees, Plaintiff and members of the Classes were, and continue to be, required to work more than forty (40) hours a week during the course of their employment with Defendants.

26. Unless proven to be exempt from the protection of the FLSA and/or NY Labor Laws, all employees are entitled to premium overtime pay for work in excess of forty (40) hours per week.

27. Upon information and belief, the duties of Defendants' employees are set forth in uniform, company-wide policies and procedures promulgated by Defendants.

28. Defendants employed Plaintiff from February 2007- May 2009 as an Assistant Vice President in the Bank Finance Group.

29. As an Assistant Vice President, Plaintiff's regular job duties centered on closing loans. This included reviewing trade transactions to ensure that the trade would close and then following up on the trade to see that it settled and that Defendants were paid.

30. Much of Plaintiff's work was clerical. Her regular work duties included (i) reviewing documents for signatures, (ii) confirming that trade date information listed in documents was correct, and (iii) and that counter-parties identified in the documents were correct.

31. Defendants employed the prospective Collective Action Class Members and the Class Action Class Members to perform work that did not require them to possess knowledge of an advanced type in a field of science or learning.

32. Upon information and belief, like Plaintiff, members of the Classes day-to-day job duties were largely clerical and included such tasks as (i) reviewing documents for signatures, (ii) confirming that trade date information listed in documents was correct, and (iii) and that counter-parties identified in the documents were correct.

33. Further, members of the Classes typically worked with Defendants' institutional clients. A separate group of employees within Defendants' business structure was primarily responsible for engaging in the sales of loans or financial products to these institutional clients. Accordingly, members of the Classes job duties were simply to process the paperwork to finalize the business transaction.

34. Pursuant to Defendants' uniform employment policies, Defendants' employees (including Plaintiff) were paid on a salary basis, irrespective of the hours actually worked, and were unlawfully classified as exempt from overtime compensation.

35. The FLSA and NY Labor Laws provide for certain exemptions to the mandates of paying overtime compensation. Notably, the New York Department of Labor regulations require employers to pay overtime "in the manner and methods provided in and subject to the exemptions of" the FLSA, 29 U.S.C. § 201, *et seq.* 12 N.Y.C.R.R. § 142-2.2. Despite these exemptions, no exemption applies in the instant matter.

36. Defendants' employees do not fall under the executive exemption, because, *inter alia*, they are not primarily engaged in the management of Defendants' business operations. Also, Defendants' employees do not customarily or regularly direct the work of at least two (2) or more employees, or have the authority to hire and fire employees. Defendants' employees also do not customarily and regularly exercise discretion and independent judgment.

37. Plaintiff and the members of the Classes are not administratively exempt because, *inter alia*, they do not perform office or non-manual work directly related to the management policies or general business operations of Defendants or its customers. Defendants' employees also do not customarily and regularly exercise discretion and independent judgment.

38. Plaintiff and the members of the Classes do not qualify for the professional exemption because, *inter alia*, Defendants' employees do not perform work that requires them to possess knowledge of an advanced type in a field of science or learning.

39. As such, Defendants' employees, including Plaintiff and members of the Classes, have been wrongfully classified by Defendants, and are not exempt from the requirement of premium overtime pay.

40. In violation of the FLSA and NY Labor Laws, Plaintiff and the members of the Classes have not been paid overtime compensation at a rate not less than one and one-half times their regular rate of pay for work performed over the forty (40) hour workweek.

41. Indicative of the long hours Plaintiff worked, Defendants made available to Plaintiff a car service for when she worked in the office late in the evenings. Further, Plaintiff's job performance reviews themselves noted that she worked long hours.

42. The precise number of overtime hours for which Plaintiff and the Classes are entitled to be compensated can be readily ascertained by review of Defendants' records. For instance, Plaintiff and members of the Classes regularly sent/received emails before 9:00 a.m. and after 5:00 p.m. Indeed, Plaintiff often worked until 9:00 p.m. at night, sometimes working as late as 10:00 p.m.

43. Plaintiff alleges on behalf of herself and members of the Classes that Defendants' failure to pay overtime was knowing and willful.

44. Evidence reflecting the precise number of overtime hours worked by Plaintiff and the members of the Classes, as well as applicable compensation rates, is in the possession of Defendants. If these records are unavailable, Plaintiff and members of the Classes may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

45. Each of the foregoing acts is in contravention of the FLSA and NY Labor Laws.

### CLASS/COLLECTIVE ACTION ALLEGATIONS

46. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

47.  Plaintiff brings this action on behalf of the Collective Action Class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 207 and 216(b). Plaintiff also brings this action, as a class action on behalf of the New York State Law Class for claims under NY Labor Laws pursuant to Fed.R.Civ.P. 23.

48.  The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. §216(b). The claims under the New York State law may be pursued by all similarly-situated persons who do not opt-out of the Class Action Class pursuant to Fed.R.Civ.P. 23.

49.  Plaintiff specifically brings this FLSA collective action on behalf of herself and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), as follows:

> All persons employed within the three years preceding the filing of this action by Defendants, who worked in excess of forty hours per week and were not paid premium overtime compensation.

Upon information and belief, Plaintiff believes that the definition of the Collective Action Class will be further refined following discovery.

50.  Plaintiff also brings this action as a class action for claims under NY Labor Laws on behalf of:

> All current and former employees who work(ed) for Defendants in the State of New York within six years prior to the filing of this action, up to and including the time this action is certified as a class action, and are/were engaged in, or are/were training to be engaged in, providing Client Services.

51.  Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

52.  The members of each of the Classes are so numerous that joinder of all members is impracticable. While the exact number of the members of the Classes is unknown to Plaintiff

at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are dozens of individuals in each defined class.

53. There are questions of law and fact common to the Classes which predominate over any questions affecting individual members only. These factual and legal questions include:

    a. Whether Defendants' employees were properly classified by Defendants as exempt from overtime compensation;

    b. Whether Plaintiff and members of the Classes were expected to, and/or did as a matter of corporate policy and practice, regularly work hours in excess of forty (40) per week;

    c. The manner in which Plaintiff and members of the Classes were compensated;

    d. Whether Plaintiff and the Classes have sustained damages and, if so, what is the proper measure of damages; and

    e. Whether Defendants are liable for attorney's fees and costs.

54. Defendants have acted and refused to act, and continue to act and refuse to act, on grounds generally applicable to the Classes.

55. The claims of the representative Plaintiff are typical of the claims of the Classes in that Plaintiff has been denied overtime wages as a result of Defendants' uniform policy of not compensating its non-exempt employees for all hours worked. This is the predominant issue which pertains to the claims of each and every class member.

56. The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy. The damages suffered by

individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

57. Furthermore, even if any member of the Classes could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. The instant class and collective action procedure, when compared to voluminous individual actions, has fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Classes and provide for judicial consistency.

58. Plaintiff will fairly and adequately protect the interests of the Classes, as her interests are in complete alignment with those of the entire class, *i.e.*, to prove and then eradicate Defendants' illegal employment practice of not paying overtime wages to their non-exempt employees.

59. Counsel for Plaintiff will adequately protect the interests of the Classes. Such counsel is experienced with employment/class litigation and has previously served as class counsel in employment litigation.

60. Plaintiff and the Classes they represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendants' pay practices.

61. Plaintiff, as well as the individuals she seeks to represent, was denied overtime wages as a result of Defendants' pay practices.

62. Defendants' actions in denying overtime wages to Plaintiff were intentional and constitute a willful violation of the FLSA and NY Labor Laws.

63. Defendants' action in denying wages for all hours worked was intentional and constitutes a willful and continuing violation of the FLSA and the NY Labor Laws.

## COUNT I – FLSA

64. The allegations set forth in the preceding paragraphs are incorporated herein.

65. At all relevant times, Defendants have been an employer engaged in interstate commerce consistent with 29 U.S.C. §§206(a) and 207(a). At all relevant times, Defendants employed Plaintiff and each member of the Collective Action Class consistent with the terms of the FLSA.

66. At all relevant times, Defendants have had annual gross revenues in excess of $500,000.00.

67. As a consequence of Defendants' employment practices of willfully misclassifying its employees, Plaintiff and class members were denied statutory overtime wages.

68. Plaintiff and class members were employees of Defendants within the meaning of the FLSA and, as such, were entitled to the benefits of the FLSA's overtime wage requirements.

69. Defendants' policy of denying Plaintiff and class members overtime wages represents and results in a violation of the FLSA's minimum wage requirements.

70. Defendants have failed to pay appropriate overtime wages under the FLSA.

WHEREFORE, Plaintiff respectfully requests:

A. All applicable statutory damages;

B. A Declaration that Defendants have violated the FLSA;

C. An Order designating this action as a collective action and directing the issuance of notice pursuant to 29 U.S.C. §216(b);

D. An Order appointing Plaintiff and her counsel to represent those individuals opting in to the collective action;

E. An Order awarding counsel for Plaintiff reasonable attorneys' fees and costs; and

F. Any further relief which the Court deems appropriate under the circumstances.

### COUNT II – NY COUNT

**(Failure to Pay Overtime in Violation of New York Codes, Rules and Regulations § 142-2.2 -On Behalf of the NY Class)**

71. Plaintiff re-alleges and incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

72. The NY Labor Laws provide:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of Section [20]7 and Section [2]13 of 29 U.S.C. 201 *et seq.*, the Fair Labor Standards Act of 1938 as Amended, provided, however that the exemptions set forth in Section 13(a)(2) and 13(a)(4) shall not apply. In addition, an employer shall pay employees subject to the exemptions of Section 13 of the Fair Labor Standards Act, as Amended, except employees subject to Section 13(a)(4) of such Act, overtime at a wage rate of one and one-half time the basis minimum hourly rate.

NYCRR § 142-2.2.

73. The NY Labor Laws thus require the payment of overtime compensation at one and one half times the regular rate for all hours worked in excess of forty (40) hours a week.

74. Similar to the FLSA, 29 U.S.C. § 201, *et seq.*, NY Labor Laws exempt from its overtime premium compensation requirements certain "white collar" employees employed in a

*bona fide* executive, administrative or professional capacity who are paid on a salary basis not less than a certain dollar amount.

75. For reasons set forth above, Plaintiff and members of the Class Action Class do not fit within these exemptions from the overtime requirements of the NY Labor Laws.

76. Plaintiff regularly worked more than forty (40) hours per week for Defendants and received no premium compensation for hours worked in excess of forty (40) hours per week.

77. Therefore, Plaintiff demands that he and all members of the Class Action Class be paid overtime compensation as required by the NY Labor Laws for every hour of overtime worked in any work week for which they were not compensated, plus interest and attorney's fees as provided by law.

WHEREFORE, Plaintiff respectfully requests:

A. A Declaration that each Defendant has violated NY Labor Laws;

B. An Order designating the Class Action Class as a New York State class action;

C. An Order appointing Plaintiff and his counsel to represent the Class Action Class;

D. Imposition of a Constructive Trust on any amount by which Defendants were unjustly enriched at the expense of the Class Action Class as the result of the actions described above;

E. An Order enjoining each Defendant from any further violations of the NY Labor Laws;

F. An Order of restitution requiring Defendants to pay Plaintiff and members of the Class Action Class all sums due and owing for failure to pay overtime at one and one half times their regular rate for all hours worked over forty (40) within a week;

G. Pre-judgment interest according to proof;

H.  Reasonable attorneys' fees and costs; and

I.  Such other relief as is just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: February 16, 2011

Respectfully submitted,

**FARUQI & FARUQI, L.L.P.**

By: _____
Christopher Marlborough (CM-6107)
Adam Gonnelli (AG-4782)
369 Lexington Avenue, 10th Floor
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331

--- *and* ---

Gerald D. Wells, III
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
Telephone: (215) 277-5770
Facsimile: (215) 277-5771
Email:  jwells@faruqilaw.com

CARLSON LYNCH LTD
Gary F. Lynch
36 N. Jefferson Street
P.O. Box 7635
New Castle, PA 16107
Tel: 724-656-1555
Fax: 724-656-1556
Email:  glynch@carlsonlynch.com

*Attorneys for the Plaintiff*